IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA BÁEZ-VIERA, *et al.*, **Plaintiffs** v. COOPERATIVA ABRAHAM ROSA, *et al.*, **Defendants** | **Civil No.** 08-2045 (JAG) |

**OPINION AND ORDER**

Pending before the Court is Defendant Cooperativa de Ahorro y Credito Abraham Rosa's (the "Cooperativa") renewed motion for judgment as a matter of law. (Docket No. 163). Plaintiffs filed a timely opposition. (Docket No. 163). For the reasons that follow, Defendant's motion is hereby DENIED.

**STANDARD OF REVIEW**

Rule 50 of the Federal Rules of Civil Procedure allows a party during a jury trial to move the Court for entry of judgment as a matter of law. Such a motion may be granted "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue…." FED. R. CIV. P. 50(a)(1). If the Court denies the motion,

then "[n]o later than 28 days after the entry of judgment … the movant may file a renewed motion for judgment as a matter of law and may include an alternative or joint request for a new trial under Rule 59." FED. R. CIV. P. 50(b). "[T]he party renewing a motion for judgment as a matter of law pursuant to Rule 50(b) 'is required to have moved for judgment as a matter of law at the close of all the evidence.'" Taber Partners I v. Insurance Co. of North America, Inc., 917 F.Supp. 112, 115 (D.P.R. 1996) (quoting Keisling v. SER-Jobs for Progress, Inc., 19 F.3d 755, 758 (1st Cir. 1994)).

It has long been established that whether the evidence presented at trial is sufficient to permit a court to enter judgment as a matter of law is solely a question of law to be determined by the trial court. 9B Wright and Miller, Federal Practice and Procedure § 2523 (3d ed. 2008). Granting such motion deprives the party opposing it of a determination by a jury and, therefore, it is to be granted cautiously and sparingly. Id. at § 2524. "Even in the best circumstance, the standards for granting a motion for judgment as a matter of law are stringent." Rivera Castillo v. Autokey, Inc., 379 F.3d 4 (1st Cir. 2004). "The question is not whether there is literally no evidence supporting the party against whom the motion is

directed but whether there is evidence upon which the jury might reasonably find a verdict for that party." Id.

In reviewing a motion for judgment as a matter of law "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." Reeves v. Sanderson Plumbing Prods., 530 U.S. 133 (2000). The court "should give credence to the evidence favoring the nonmovant as well as that evidence supporting the moving party that is uncontradicted and unimpeached, at least to the extent that the evidence comes from disinterested witnesses." Id. (citations omitted). Pursuant to Rule 50, the Cooperativa's "motion for judgment cannot be granted unless, as a matter of law, [Plaintiffs have] failed to make a case..." Montgomery Ward & Co. v. Duncan, 311 U.S. 243, 251 (1940).

**DISCUSSION**

On October 5, 2011, a jury found that Defendant had retaliated and discriminated against Mrs. Rosa Baez-Viera ("Mrs. Baez") on account of her pregnancies. Post-trial, the Cooperativa renewed its motion for judgment as a matter of law pursuant to FED. R. CIV. P. 50(b). The Cooperativa urges this Court to overturn the jury verdict on three grounds. Two relate to the sufficiency of the evidence; namely, that Plaintiffs failed to present evidence at trial that would carry the day

with regards to her discrimination and retaliation claims. The other argument is a question of law. The Cooperativa posits that since "the Court dismissed the claim under Law 3 [and] the jury found that the defendant was not in violation of Law 100, [] consistency calls for the ruling that the defendant did not violate Law 69." (Docket No. 163, p. 14).

   a. Sufficiency of the Evidence Argument

Inexplicably, and though it had plenty of time to do so, the Cooperativa did not heed this Court's clear instruction that all post-trial motions should make reference to, and copy from, the trial transcripts. This glaring omission spells doom for the Cooperativa's arguments relating to the sufficiency of the evidence. Where the arguments on a post-verdict motion for judgment as a matter of law center on the facts, a transcript forms "an integral part of the court's decisional calculus." See Flibotte v. Pennsylvania Truck Lines, Inc., 131 F.3d 21, 25 n.1 (1st Cir. 1997). Besides, a motion under Rule 50(b) will not be granted unless "the evidence points so strongly and overwhelmingly in favor of the moving party that no reasonable jury could have returned a verdict adverse to that party." Rivera Castillo, 379 F.3d at 10-11 (citing Keisling v. SER-Jobs for Progress, Inc., 19 F.3d 755, 759-60 (1st Cir. 1994).

Because the Cooperativa grounds its arguments on its own recollection of the events transpired at trial, the Court is simply unable to make an informed and unbiased decision on their motion. Even if the transcripts were supplied, the Cooperativa's arguments would still fail because they require the Court to perform exactly what it cannot on a Rule 50 motion – that is, to "consider the credibility of witnesses, resolve conflicts in testimony, or evaluate the weight of the evidence." <u>Marcano-Rivera v. Pueblo Int'l</u>, 232 F.3d 245, 251 (1st Cir. 2000). Therefore, the Cooperativa's challenges to the sufficiency of the evidence in this case fail.

b. <u>Law 69 Argument</u>

The Cooperativa's argument on this point fails on procedural and substantive grounds. First, the Cooperativa's argument is waived on two separate grounds. A "party may not base its motion for a judgment n.o.v. on a ground that was not argued in its motion for directed verdict." <u>Sweeney v. Westvaco Co.</u>, 926 F.2d 29 (1st Cir. 1991) (citing <u>Systemized of New England, Inc. v. SCM, Inc.</u>, 732 F.2d 1030, 1035 (1st Cir. 1984)). The Cooperativa has not provided a trial transcript, and the Court cannot recall this argument having been raised before. Furthermore, the Cooperativa's argument is insufficiently developed and does not adequately support its conclusion with

authority.[1] See United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived"). The argument is therefore waived.

Even if it were properly preserved, the argument makes no sense. The Cooperativa is essentially arguing that since Plaintiff's state-law claims under Laws 3 and 100 failed, her claim of pregnancy discrimination under Law 69 must fail as well. But contrary to the Cooperativa's implied assumption, the analysis under each statute is materially different. Law 100 proscribes age-related discrimination and has nothing to do with pregnancy discrimination. On the other hand, as the Court found in the Cooperativa's motion for summary judgment, Law 69 contains language not present in Law 3. (See Docket No 92, p. 31; Cf. 29 L.P.R.A § 1322(5) (Law 69) with 29 L.P.R.A. § 469 (Law 3)). Accordingly, the dismissal of the Law 3 claim did not

---

[1] The Cooperativa points to an inapposite district-court case in which the court denied summary judgment on a plaintiff's Title VII claim on grounds that a genuine issue of material fact existed. See Mejias-Miranda v. BBII Acquisition Corp., 120 F.Supp. 2d 157 (D.P.R. 2000). Naturally, the court also denied summary judgment on the plaintiff's discrimination claims grounded on state law, since the facts relevant to those claims were the same as the ones relevant to the federal claims. But this sheds no light on the Cooperativa's argument that if claims under Puerto Rico Laws 3 and 100 fail, so must a claim under Law 69.

(and does not now) compel the same conclusion for the claim under Law 69.

## CONCLUSION

For the reasons stated above, Defendants' Motion for Judgment as a Matter of Law is hereby DENIED.

IT IS SO ORDERED.

In San Juan, Puerto Rico this 28th day of September, 2011.

<u>S/Jay A. García-Gregory</u>
JAY A. GARCIA-GREGORY
United States District Judge