IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ROSA BAEZ RIVERA, ET AL.,

    Plaintiffs,

    v.

COOPERATIVA ABRAHAM ROSA, ET AL.,

    Defendants.

CIVIL NO. 08-2045 (JAG/CVR)

## REPORT AND RECOMMENDATION

### INTRODUCTION

On September 15, 2008, plaintiff Rosa Baez Viera, her spouse and their community property filed a Complaint for several causes of action against defendants Cooperativa Abraham Rosa and co-defendants Arnaldo Ortíz-Vázquez, his spouse, and their community property. The claims against defendants included pregnancy discrimination in violation of the Pregnancy Discrimination Act of Title VII, 42 U.S.C. 2000e(k) and Law No. 69 of July 6, 1985, as amended, 29 L.P.R.A. §1321 *et seq*.,; age discrimination pursuant to ADEA and Law No. 100 of June 30, 1959, as amended, 29 L.P.R.A. §146 *et seq*.; unjustified dismissal under Law No. 80 of May 30, 1976, as amended, 29 L.P.R.A. §185(a) *et seq*.; violation to Puerto Rico's Working Mothers Act, Law No. 3 of March 13, 1942, as amended, 29 L.P.R.A. §467, *et seq*.; and Puerto Rico general tort statutes, Articles 1802 and 1803 of the Civil Code, as amended, 31 L.P.R.A. §§5141-5142.

On December 8, 2008, defendants filed a Motion to Dismiss Several Causes of Action. (Docket No. 11). On June 15, 2009, the Court issued an Opinion and Order granting dismissal of all claims filed against co-defendants Ortíz-Vázquez and the conjugal partnership and against defendant Cooperativa pursuant to Title VII, ADEA and Puerto Rico Law Nos. 80, 3, 69 and 100. The Court allowed the remaining claims against Cooperativa and derivative claims under Articles 1802 and 1803 to proceed to trial. (Docket No. 31).

On October 24, 2012, defendant Cooperativa filed a Motion for Summary Judgment. (Docket No. 35). Upon referral for report and recommendation, the Court granted in part summary judgment as to plaintiff's claim of Pregnancy Discrimination's and ADEA's hostile work environment, ADEA's retaliation and under Puerto Rico Law No. 3, entering partial judgment accordingly. Summary judgment was denied as to plaintiff's Age Discrimination and Pregnancy retaliation and discrimination, as well as to claims under Puerto Rico laws 69, 80 and 100, which were to follow up to jury trial. (Docket Nos. 100 and 101).

The case proceeded to trial and the jury found defendant liable for violation to plaintiff's rights under the Pregnancy Discrimination Act of Title VII and Puerto Rico Law Nos. 69 and 80. The jury did not find there was Age Discrimination in Employment Act violation nor under Puerto Rico Law No. 100. An award for compensatory damages of $32,000.00 was granted, which under Law No. 69 was doubled to $64,000.00. The Court thereafter calculated, as per jury verdict, that plaintiff be awarded with the amount of money plaintiff would have earned as a teller for defendant had she not been terminated

under the Pregnancy Discrimination Act of Title VII. To this end, the Court calculated the actual numbers and the back pay award and the amount of lost benefits in the amount of $52,563.73, with prejudgment interest for 4.344 years, and the amount under Law No. 69, for a total of $118,339.83. On October 1, 2012, after entertaining the post-trial motions, an Amended Judgment was entered. (Docket No. 181).

On October 15, 2012, within the term allowed, plaintiff filed a Motion for Attorney's Fees and Costs Under Title VII, with numerous exhibits in support and the corresponding affidavits. (Docket No. 182, Exhibits 1-7). Defendant filed its Memorandum in Opposition to Plaintiff's Petition for Attorney's Fees and Litigation Expenses. (Docket No. 188, Exhibits A-G). Plaintiff then filed a Reply to Response which was accompanied with an affidavit of counsel. (Docket No. 194, Exhibit 1).

The Court referred to the undersigned the motions as to attorney's fees and costs for report and recommendation. (Docket Nos. 198 and 199).

**LEGAL ARGUMENTS**

Plaintiff has requested that, having established her Title VII claim for retaliation and under P.R. Law No. 69 and upon obtaining an award of back pay for being determinated she was terminated from employment due to her pregnancies, she now be granted attorney's fees and costs. Plaintiff submits attorneys' fees as to work performed by her counsel Atty. Kenneth C. Suria, Marena S. Ramírez-Ramírez and Thomas Trebilcock-Horan for a total of $172,070.50, as itemized in the contemporaneous record and substantiated by the corresponding sworn statements. (Docket No. 182).

Case 3:08-cv-02045-JAG   Document 201   Filed 04/02/13   Page 4 of 13

Rosa Baez-Rivera et al. v. Cooperativa Abraham Rosa, et al.
Civil No. 08-2045 (JAG/CVR)
Report and Recommendation
Page No. 4

---

**A.     Attorney's Fees.**

Although under the "American Rule" parties to civil litigation are responsible for their own attorneys fees, Congress has allowed an exception for private actions under certain civil right statutes aimed to facilitate an effective access to the judicial process. Sole v. Wyner, 551 U.S. 74, 77, 127 S.Ct. 2188 (2007); Hensley v. Eckerhart, 461 U.S. 424, 429, 103 s.Ct. 1933 (1983). As such, under Title 42, United States Code, Section 1988, a Court may allow, when a plaintiff is successful in a civil rights claim, recovery of reasonable attorney's fees to the prevailing party. Determining attorney's fee award under Title VII is committed to the discretion of the trial court and the actual amount of compensatory damages received by prevailing party is only one of many factors to be examined.[1]

For purposes of determining attorney's fees, three measures of success pertain to civil rights lawsuits, *i.e.*, plaintiff's success claim by claim, relief actually achieved, and societal importance of right which has been vindicated. Rodríguez-Hernández v. Miranda-Vélez, 132 F.3d 848 (1st Cir. 1998). Additionally, a party who obtains relief in Title VII civil rights lawsuit, as would on sex, gender and/or pregnancy discrimination, among others, is allowed under Title 42, United States Code, Section 2000e-5(k) additional source of authority for attorney's fees and costs.

Defendant has objected to the amounts claimed, not to plaintiff's entitlement to same, seeking an eighty five percent reduction in attorney's fees. The request for reductions

---

[1] Troy v. Bay State Computer Group, Inc., 141 F.3d 378, 383-84 (1st Cir. 1998) (*citing* Phetosomphone v. Allison Reed Group, Inc., 984 F.2d 4, 6 (1st Cir. 1993)).

is based on defendant's perception that plaintiff did not prevail as to all the causes of action in the Complaint.

However, the record shows the parties herein engaged in prolonged litigation, which entailed requests for dismissal, extensive discovery, depositions taking, request for summary judgment, jury trial and post-trial motions. Plaintiff's claims as to ADEA, Pregnancy Discrimination, hostile work environment, and supplemental state laws, all shared a common legal theory, that is, that plaintiff was discriminated in employment due to her pregnancy and gender. The claim of age discrimination reached a jury on whose verdict the court granted relief for pregnancy discrimination, state law related claimed and thereafter calculated the corresponding back pay under Title VII. There is no relevant dispute that plaintiff's claims were intertwined and pretrial discovery and motion filings contributed to the final jury verdict. As such, the prevailing claims and those that were not so successful shared a common legal theory and common nucleus of operative facts.

The calculations submitted by plaintiff in her motion are as follows: Atty. Suria is requesting 51.5 hours at $225.00 for in-court work for $11,587.50 and 331 hours at $200.00 per hour for out-court for $66,200.00, as well as 22 hours on fee petition at $150.00, for $3,300.00, for a total of $77,087.50. Atty. Ramírez' hourly rate claim is 166 hours at $150.00 out-of-court work for $24,900.00 and 41 hours at $165.00 in-court for $6,765.00, a total of $32,893.00. Atty. Trebilcock claims fees for $175.00 per hour for out-of-court work performed for investing 151 hours of work for a total of $26,425.00. There also appears a request by Atty. William Estrella for $100.00. These amounts total

attorney's fees claimed in a grand total of $129,277.50. (Docket No. 182, pp. 24-25). Sworn statements were submitted as to counsel's skills and experience and their current billing rates. (Docket No. 192, Exhibits 1-3).

Plaintiff's reply to defendant's opposition acknowledges that the 2.5 hours claimed to review Second Amended Complaint and Motion for Leave to Amend were in error, for said billing does not relate to plaintiff Baez' case. Plaintiff has agreed that $500.00 should be reduced from Atty. Suria's fees. (Docket No. 194, p. 8).

In support of plaintiff's submission of attorney's fees, she argued and presented the corresponding contemporaneous and detailed time records to claim the work performed was reasonable. Grendel's Den v. Larkin, 749 F.2d 949, 952 (1st Cir. 1984). Plaintiff also explained the reasonable time spent in the case from which the court is to determine if such time is indeed reasonable, pursuant to the particular case's nuances and idiosyncrasies of the case. Lipsett v. Blanco, 975 F.2d 934, 939 (1st Cir. 1992). The collaboration of plaintiff's attorneys in the same general task was explained as not being duplicative or otherwise unreasonable. Rodríguez-Hernández, 132 F.3d 860.

Succinctly, Atty. Suria took charge of most of pretrial work and during summary judgment phase. Atty. Ramírez worked pensively at that stage. They worked also for trial preparation and trial practice. Atty. Trebilcock conducted most discovery and some motion practice. Once Atty. Trebilcock left the law firm, Atty. Suria took depositions. Both counsel Suria and Ramírez attended the trial. Since Title VII requires exhaustion of administrative remedies, the fee awards should include work done in federal administrative proceedings.

New York Gaslight Club, Inc. v. Carey, 447 U.S. 54, 62 n. 2, 100 S.Ct. 2024, 2026 (1980). Finally, plaintiff's counsel presented the time spent on fee petition for attorneys may recover fees for time spent on preparing the fee application. Lund v. Affleck, 587 F.2d 75, 77 (1st Cir. 1978).

A review of the itemized invoice presented shows the Court should consider proper some deductions as to the amounts claimed. The reduction of $500.00 accepted by Atty. Suria, as it appears in the entry of 6/08/2009, is reduced. It is also proper to reduce the amount of $600.00 from entry of 12/08/2009, for the five page document on motion for reconsideration would reasonably take not more than 2 hours from such an experienced attorney's time. (Docket No. 182-6, p. 5). Likewise, the entry of 1/28/2010 for the filing of translated exhibits should be reduced to .80 hour instead of 1.20, that is, from $240.00 to $160.00 (*Id.*, p. 7), and the entries of 12/14/2010 are to be reduced to .50 hour instead of 1.00, from $200.00 to $100.00 and the one of 12/15/2010 from .30 hour to .20 hour from $60.00 to $40.00. (*Id.*, p. 8). Notwithstanding that the motion requested fees for Atty. Suria of $225.00 for in-court and $200.00 for out-of court, the contemporaneous billing submitted as Exhibit 182-6 appears calculated at the rate of $200.00 for all purposes. It is not for this Court to carry out the mathematical calculation and further itemize those hours for in-court and out-of court at the rate requested. As such, per supporting documents, all hours are approved as shown in Docket No. 182-6 at the rate of $200.00, less those items deducted above. The Court can conclude Atty. Suria's established total fees supported by documentation are $75,200.00.

Similarly, Atty. Ramírez argued for fees of $165.00 per hour for in-court and $150.00 out-of court, but the itemized contemporaneous billing was calculated at $150.00 per hour (Exhibit 182-6, pp. 14-25). Atty. Ramírez also attributed work regarding standard for prevailing attorney's fees at same rate. Upon review of the supporting documentation it is proper to reduce entry of 6/16/2009 to .30 instead of .40 for $45.00 instead of $60.00. (*Id.*, p. 14). Likewise, the entry of 3/24/2010 is reduced to .20 instead of .40, for $30.00 instead of $60.00. (Id., p. 20), as well as the entry of 12/22/2010, to .20 from .40, to $30.00 instead of $60.00 (*Id.*, p. 21). The Court can conclude that Atty. Ramírez' fees as supported by documentation would total $31,005.00.

Atty. Trebilcock's claim is duly supported at $24,517.50. The total fees for the three counsel as above described would amount to $130,722.50.

Plaintiff has submitted in calculating the fee award that the Court should apply the lodestar method by multiplying the hours reasonably spent by counsel in preparing and trying the case at the prevailing hourly rate in the community for comparable services. Blum v. Stenson, 465 U.S. 886, 888 (1984). Insofar as the amount claimed as to each of the participating counsel at the calculated rate per hour, same is deem suitable for it is the prevailing rate in the community for similarly situated legal professionals.

Still, plaintiff did not prevail as to all her claims and defendant has requested a considerable reduction is warranted. Even when not prevailing as to all causes of action, a plaintiff may be granted fee award upon succeeding on any significant issue in litigation which grants some of the benefits the parties sought in bringing suit. Texas State Teachers

Ass'n v. Garland Independent School District, 489 U.S. 782 (1989). Proportionality is not the rule when awarding fees under Section 1988. *See* City of Riverside v. Rivera, 477 U.S. 561, 574 (1986); Rodríguez-Hernández v. Miranda, 132 F.3d at 859. In granting fees as to a case where plaintiff obtained partial success, the court must consider the interrelatedness, whether the claims on which plaintiff lost were unrelated to the successful ones or whether the losing claims included a core of facts or were based on related legal theories linking them to the successful claim. Lipsett v. Blanco, 975 F.2d at 940.

Having found that plaintiff Baez is a prevailing party and that any fee analysis would refer solely to the amount of fee award warranted, not to its availability, we now proceed to analyze plaintiff's request for fees and costs taking into consideration that district courts are encouraged to consider the relief achieved and the societal importance of the right, when addressing attorney's fees analysis in this kind of cases. De Jesus Nazario v. Morris Rodríguez, 554 F.3d 196 (1st Cir. 2009). *See* Farrar v. Hobby, 506 U.S. 103, 113 S.Ct. 566 (1992)[2]; Gay Officers Action League v. Puerto Rico, 247 F.3d 288 (1st Cir. 2001).

Plaintiff Baez initial Complaint comprised eleven claims, divided in seven causes of action and, although some were dismissed, she prevailed on her factual theory, although not on each and every claim. The jury compensated plaintiff with $64,000.00 (double award under Law No. 69) and the Court thereafter awarded back pay and prejudgment

---

[2] A civil rights plaintiff who recovers damages in any amount is a prevailing party within the meaning of §1988 wherein plaintiff has obtained at least some relief on the merits of the claim, whether compensatory or nominal, and thus qualifies as "prevailing party" under civil rights attorney fee provision; but a Court should consider the extent of plaintiff's recovery in fixing a reasonable attorney fee award for the most critical factor in determining the reasonableness of the fee award is the degree of success obtained. Farrar v. Hobby, 506 U.S. at 111, 113 S.Ct. at 573.

Case 3:08-cv-02045-JAG   Document 201   Filed 04/02/13   Page 10 of 13

Rosa Baez-Rivera et al. v. Cooperativa Abraham Rosa, et al.
Civil No. 08-2045 (JAG/CVR)
Report and Recommendation
Page No. 10

interest. Her total award was $118,339.83. The claims were never segregated for they had a common core of facts (as to age and sex discrimination).

Defendant's approach for reduction of an eighty five percent in fees claimed by plaintiff because of less than complete success as to her claims is not reasonable nor supported in light of the examination of the time invested by counsel, the extensive litigation required, the jury verdict and judgment entered and the purpose of fee compensation in this type of case wherein marshaling plaintiff's rights is burdensome legally, financially and emotionally. The Court acknowledges, however, that mere moral satisfaction that results from favorable determination does not meet by itself prevailing party status.[3] Still recognizing the less than successful completion of all claims, with the interrelation of the issues raised and the claims filed, the Court deems reasonable an across the border reduction in fees because of not successful claims at early stage of the proceedings of 30%. As such, it is recommended that attorney's fees claim as modified of $130,722.50 be reduced to $91,505.75.

**B.     Costs.**

Plaintiff also seeks reasonable litigation expenses, including those for translations as to the summary judgment motion, deposition expenses, and costs of copies, messenger, expert witness and others for a total of $32,893.00. (Docket No. 182-5). Plaintiff requests litigation expenses which, although referred as costs, are part of the attorney's fees, to wit;

---

[3] Bridges v. Eastman Kodak Co., 102 F.3d 56 (1st Cir. 1996).

Rosa Baez-Rivera et al. v. Cooperativa Abraham Rosa, et al.
Civil No. 08-2045 (JAG/CVR)
Report and Recommendation
Page No. 11

---

| | |
|---|---|
| Court Fees & Service of Process | $530.00 |
| Depositions | $16,751.17 |
| Other professional services (translations, etc.) | $9,039.80 |
| Messenger | $99.00 |
| Long Distance telephone | $189.93 |
| Witness travel expenses | $324.19 |
| Miscellaneous (incl. copies) | $4,325.73 |
| | $ 32,893.00 |

Defendant's opposition relates to failure to comply with the taxation of costs guidelines, form AO 133 and documentation to be attached.[4] (Docket No. 188, p. 2).

However, costs and/or litigation expenses incurred in connection with Title VII including out-of-pocket expenses are recoverable. Palmigiano v. Garrahy, 707 F.2d 636, 637 (1st Cir. 1983). See cf. Krewson v. City of Quincy, 74 F.3d 15 (1st Cir. 1996) (examining costs not governed by Section 1988 for the only successful claim was a parallel state claim for which the award of cost of expert's fees was allowed on the prevailing Massachuset civil rights statute).[5]

Plaintiff Baez in the present case obtained relief under Title VII. Cost within the civil rights refers to attorney's fees and include reasonable out-of-pocket expenses incurred by the attorney which are normally charged to a fee-paying client, in the court of providing

---

[4] Those specified costs objected by defendants are solely those within the Court purview of Fed.R.Civ.P 54(d)(1). Still, under Fed.R.Civ.P. 68 regarding to offer of judgment, the award of attorney's fees is considered part of the costs. As part of the attorney's fees herein, costs refers to all costs. There is a discussion that under Rule 68, similar to civil rights §1988, attorney's fees used therein referred to all costs properly awardable by federal statutes under the substantive statute or other authority. Stefan v. Laurenitis, 889 F.2d 363 (1st Cir. 1989).

[5] See also Freeman v. Package Machinery Co., 865 F.2d 1331 (1st Cir. 1988) (award of expert fees recovered on parallel federal and state claims when state law allows for same without the limits imposed by federal law); Ruiz-Rodriguez v. Colberg-Comas, 882 F.2d 15 (1st Cir. 1989) (expert fees in diversity cases allowed only when the prevailing party possesses a state entitlement to expert fees which is an integral part of the substantive state-law remedy for that particular wrong).

Rosa Baez-Rivera et al. v. Cooperativa Abraham Rosa, et al.
Civil No. 08-2045 (JAG/CVR)
Report and Recommendation
Page No. 12

legal services, such as postage, photocopying, paralegal services, long distance telephone charges and travel costs.

Based on an examination of the itemized portion of litigation expenses submitted by plaintiff and identified as costs at Exhibit 182-5, the Court finds that the meetings with the physician and the attorneys on 7/7/2009 may be considered part and partial of the attorney-work relationship as it refers to an independent medical examination. However, other notations of 10/11/2011, making reference to appearance at trial and/or trial preparation of the expert witness, should not be approved. *See* Denny v. Westfield State College, 880 F.2d 1465 (1st Cir. 1989) (expert witness costs could not be awarded under provision of federal civil rights statute which allows award to prevailing party of reasonably attorney's fees). Thus, it is proper to reduce the amount of $2,400.00 attributed to such an entry for expert witness, for which total costs/litigation expenses incurred as part of attorney's fees claim to be approved should result in $30,493.00.

**CONCLUSION**

In light of the above discussed, it is recommended that plaintiff's Motion for Attorney's Fees and Costs Under Title VII be GRANTED as above modified for an award of attorney's fees in the amount of $91,505.75 and for costs in the amount of $30,493.00. (Docket No. 182).

IT IS SO RECOMMENDED.

The parties have fourteen (14) days to file any objections to this report and recommendation. Amended Fed. R. Crim P. 59 (b)(2). *See also* Amended Local Rules.

Rosa Baez-Rivera et al. v. Cooperativa Abraham Rosa, et al.
Civil No. 08-2045 (JAG/CVR)
Report and Recommendation
Page No. 13
_____

Failure to file same within the specified time waives the right to appeal this order. <u>Henley Drilling Co. v. McGee</u>, 36 F.3d 143, 150-151 (1st Cir. 1994); <u>United States v. Valencia</u>, 792 F.2d 4 (1st Cir. 1986). *See* <u>Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co.</u>, 840 F.2d 985, 991 (1st Cir. 1988) ("Systemic efficiencies would be frustrated and the magistrate's role reduced to that a mere dress rehearser if a party were allowed to feint and weave at the initial hearing, and save its knockout punch for the second round").

In San Juan, Puerto Rico, this 2nd day of April of 2013.

                                          s/CAMILLE L. VELEZ-RIVE
                                          CAMILLE L. VELEZ-RIVE
                                          UNITED STATES MAGISTRATE JUDGE