IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| ROSA BAEZ-VIERA, et al<br><br>Plaintiffs<br><br>v.<br><br>COOPERATIVA DE AHORRO Y CREDITO ABRAHAM ROSA, et als<br><br>Defendants | CIVIL NO.: 08-2045 (JAG) |

**DEFENDANT'S OBJECTION TO REPORT AND RECOMMENDATION**
**(D.e. # 201)**

TO THE HONORABLE COURT:

NOW COMES Defendant Cooperativa de Ahorro y Crédito Abraham Rosa ("Cooperativa") through undersigned attorney, and respectfully States and Prays as follows:

**I. INTRODUCTION**

On April 2, 2013 the Honorable Magistrate-Judge Camille L. Velez Rive issued Report and Recommendation ("the Report") in which she recommends that attorney's fees be entered in favor of the plaintiff in the amount of $91,505.75, and costs awarded in the amount of $30,493.00. Cooperativa objects to the amounts awarded.[1] Although the Report and Recommendation at page 10 reasonably advises a 30% reduction in the attorneys' fees

---

[1] Cooperativa hereby incorporates by reference its challenges and arguments presented in its Opposition to Plaintiff's Petition for Attorneys's Fees and Litigation Expenses, **D.e. #188.**

1

requested by the plaintiff in view of the "less than successful completion of all claims", that is, those which were dismissed by the Court "at early stage of the proceedings" (Id), it nevertheless opines that the remaining claims were "never segregated for they had common core of facts (as to age and sex discrimination.)"[2] On the other hand the Report, at page 9, while stating that the "initial Complaint comprised eleven claims, divided in seven causes of action" added that "although some were dismissed, the plaintiff prevailed on her factual theory, although not on each and every claim." Id. The Report does not discuss when and how the "factual theory" of common core of facts was presented to the Court, certainly such allegation does not appear in the Amended Pretrial Order **(D.e. # 114)** filed on September 20, 2011, seven (7) days before the trial. **(D.e. # 131)**. In the Amended Pretrial Order the plaintiff, at page 20 thru 26, details the nature of each of her remaining claims and legal theories, to wit: (1) Pregnancy Discrimination Act (PDA) under Title VII; (2) Retaliation under Title VII; (3) Age Discrimination (ADEA); Puerto Rico's Laws 80, 69, 100, and Articles 1802 and 1803 (PR Tort Statutes).Nowhere in the Amended Pretrial Order is there any reference to the purported "common core of facts", on the contrary the plaintiff separately describes the different burden of proof required under the PDA, Retaliation under Tittle VII, the ADEA, as well as a lengthy discussion on the burden of proof under Law 100.

---

[2] The Report and Recommendation does not consider the claims under Article 1802 and 1802 which according to the Amended Pretrial Order the plaintiff considered a viable claim.

The Report describes that the case proceeded to trial on the claims under Title VII (PDA), ADEA, and Puerto Rico Law Nos. 69, 80, and 100. The jury did not find there was discrimination under the ADEA nor under Law 100.[3]

In reference to the plaintiff's claim for "costs" in the amount of $32,893.00 filed by the plaintiff  pursuant to 42 U.S.C. 2000e-5 (k), the Report , with minimal discussion, at page 11, approves the amount of $16,751.17 for four (4) depositions which were not submitted at trial, and minimally referred in opposition to summary judgment, and not discussed in the plaintiff's Petition for fees **(D.e. # 182).** Moreover, the amount of $16,751.17 for depositions is not supported by the documents cited in the Report nor is the total amount  of $32,893.00 approved as costs supported by the documents.

While in agreement with the 30 % reduction in the attorneys fees proposed in the Report the defendant present the following specific objections:

**A. The claims under Laws 100 and 80**

Article 4 of Law 100, 31 Laws of PR Ann. Sec. 149, provides that any **judgment entered against an employer** will provide a reasonable attorney fee. In López Vigil v. ITT Intermedia, Inc., 143 D.P.R.143 (1997) the Supreme Court of  Puerto Rico adopted a version   of the *lodestar* establishing that it will only apply to the losing employer, and set 25%  of the judgment as attorney's fees. López Vigil, at 582-583. Any attorney for a

---

[3] The parties  did not "reach agreement" on the amount of severance pay due under Law 80, and the plaintiff sought $12,749.76 from the Court. Through Opinion and Order **(D.e. # 179)** the Court ruled that having the jury awarded $32, 000 (doubled by the Court) in compensatory damages, any additional compensation through Law 80 was unavailable.

prevailing plaintiff who claims a higher amount must show that the results of his work had an exceptional result or that he confronted a hostile defense. In such case the attorney must present a sworn declaration detailing, among others, the hours worked and it is **fundamental** that the attorney keep and submit contemporaneous record of the work. López Vigil, at 583-584. As to Law 80, in López Vigil, at 582, the Supreme Court of Puerto Rico established   15% of a judgment for unjust dismissal   as the highest   amount a losing employer must disburse as attorney's fees.

None of the plaintiff's attorneys has submitted the numbers of hours worked in the Law 100 claim, which as shown by the verdict form submitted to the jury,   along with Law 69 were its principal claims. In the verdict form, while the matter of the ADEA and Title VII were both presented to the jury, only under Laws 100 and 69 were compensatory damages requested.**(D. e. # 150)**. In light of the jury's verdict, the plaintiff's   strategy failed as it concerns attorneys' fees under Law 100.

In the present case the plaintiff did not prevail in her Law 100 claim, thus her attorneys cannot demand attorneys' fees under Law 100.

### B. Law 69

Law 69 which prohibits discrimination on the basis of pregnancy has a disposition similar to Article 4 of Law 100, thus, Article 18 of Law 69 provides that any judgment entered against an employer will impose a "reasonable amount" as attorney fees against the employer. Although it appears to-date the Supreme Court of Puerto Rico has not expressed opinion on the application of its López Vigil, *supra,* ruling on attorneys' fees in Law 69

cases, in S.L.G. Afanador v. Rosa Electric Co., Inc., 156 D.P.R. 651 (2002) in a Law 17 case ( Law 17 prohibits sexual harassment at the workplace, 29 Laws of PR Ann. Sec. 155 et. seq.) the Supreme Court of Puerto Rico, citing López Vigil, referred the case to the Superior Court to award attorneys' fees as provided in López Vigil, *supra.* Thus is reasonable to assume that the Supreme Court of Puerto would apply its ruling on López Vigil, to a discrimination case under Law 69, such as the one before the Court.

As with Law 100 none of the plaintiff's attorneys has submitted the numbers of hours worked in the Law 69 claim, thus the amount of attorneys' fees to be distributed among the attorneys should be 25% of the total awarded to the plaintiff, that is $16,000.

**C. Bill of costs**

    **1. Depositions**

The Report at page 11 accepts that defendant's "opposition relates to failure to comply with the taxation of costs guidelines", conclusion which is partially correct. The defendant in its opposition to the plaintiff's bill of costs made specific reference to the Taxation of Costs Guidelines adopted by the Court, as amended, but went further.**D.e. #189, p. 9**. In its opposition the defendant specifically objected to the plaintiff's claim of $16,751.17 for four (4) depositions which were not "*introduced in evidence or used at trial".* Id at page 3. The depositions were the following: Luis López Román, march 23, 2009, cost: $916.75*[4]; Sol M. Matias and Lizette Colón, may 6, 2009, cost $1534.90*;

---

[4]The cost for each deposition is reproduced from the plaintiff's Petition for an Award of Attorney's Fees, etc. **D.e. 182**, Attachment # 7, pages 14-17.

Luis López Román (2nd. deposition),cost $244.95; and, Shirley Pagán Díaz, may 8, 2009, cost $645.15.* may 22, 2009, cost #244.95. The total billed for the depositions is $3,341.75, considerably less than the $16,751.17 claimed by the plaintiff, amount which was approved in the Report.

Besides the mathematical error in plaintiff's calculations, a perusal of the use of the depositions at the summary judgment phase of the case shows that, with the exception of Sol M. Matías' deposition, and to an extend Lizette Colón's, the use of the other two were of a *de minimis* nature. In this respect, the plaintiff's Statement of Uncontested Facts **(D.e.# 58)** attached to its opposition to summary judgment show the following:

> (1) In reference to Luis López Román five (5) pages of his depositions were mentioned, these being page 161, at par.53; page 153, at par.61,75 and 76; page 151, at par. 74; page 154, at par.77; and, page 156, at par. 78.
> (2) As to Shirley Pagán Díaz, 8 pages of her deposition are mentioned, these being page 12, at par. 20;page 18, at par. 38,39;page 9, at par.98; page 31, at par. 115; page 116, at par. 33; page 35, at par. 117; page 36, at par.118; and, page 49, at par.120.

*"We hold that if depositions are either introduced as evidence or used at trial , their costs should be taxable to the losing party. It is within the discretion of the district court to tax deposition costs if special circumstances warrant it, even though the depositions were not put in evidence or used at trial."* Templeman v. Chris Craft Corp., 770 F2d 245, 249 (1st. Cir. 1985), cited at page 5 of the Taxation of Costs Guidelines adopted by the Court. In

6

the present case none of the depositions were put in evidence or used at trial, contrary to the plaintiff's allegation.

Thus, any amount to be awarded for costs of depositions should consider their limited use at the summary judgment phase, and certainly no more than the amount billed, that is $3,341.75.

### 2. Other expenses

The Report at page 11 reproduces the plaintiff's list of its "out-of pockets" expenses as detailed at page 24 of its Petition for costs. According to the Report at page 10, the plaintiff seeks the total of $32,893.00, documented by "Docket No. 182-5". A review of Docket No 185-5 shows at the bottom of page 5 that the total of expenses is $22,770.10 rather than the $32,893.00 stated in the Report. The sworn declaration by Joann Martínez at page 2, par. 4 confirms the amount of $22.770.10 as the "costs spent in this litigation." **D.e. 182-4.** Thus, having the Report reduced, at page 12, $2,400.00 attributed to expert witness the final amount awarded should have been $20,370.10.

### CONCLUSION

Incorporating by reference the previous filings on the subject, **D.e. 188** and **189,** as previously stated the defendant concur with the 30% reduction in attorneys' fees due to "not successful claims at early stage of proceedings" proposed in the Report, yet objects to awards that would not consider the limitations imposed by Law 100, 80 and 69 as to attorneys' fees. The first establish that the losing plaintiff cannot obtain attorneys' fees; the second limit the fees to 15% of the award, and the third will limit the award to 25% of the

award in cases such as this when there is no documented work in the claim by the attorney. As to the costs, if awarded, they should be reduced to $20,370.10.

Finally, and as stated at page 14 of the defendant's Opposition to Plaintiff's Petition for Attorneys' Fess and Litigation Expenses (**D.e. 188**), the First Circuit most recent decision on the issue is on points: " The district court therefore applied a **two thirds reduction** to the lodestar '*as an approximation for the number of hours spent working on the four claims that were not viable.*' The court explained that it would ideally make a more specific reduction by the exact hours worked on those claims, but that the invoices did not provide a level of detail that permitted the court to do so. *The court did not abuse its discretion by making this proportionate reduction under these circumstances. See, Burke, 572 F3d at 64.* Llerena-Diaz v. Jiten Hotel Management, Inc., Slip Opinion, at page 5 (1st. Cir. September 18, 2012).

IN VIEW OF ALL THE ABOVE, Cooperativa requests de novo review of matters not considered by the report and Recommendation, and/or unreasonably provided.

Respectfully submitted, in San Juan, Puerto Rico this 19th day of April 2013.

CERTIFICATE OF SERVICE: I hereby certify that on this date I have electronically filed the foregoing with the Clerk of the Court using the CM/EFC system which will send notification to attorney Kenneth C. Suria.

s/Federico Lora López, Esq.
    U.S.DC-PR 201202
    Attorney for Defendant
    P.O. Box 194266
    San Juan, PR 00919-4266
    Tel. (787) 758-4995
    Fax (787) 751-1578

E-mail: rosslora@prtc.net

9