# United States District Court
# For The District Of Puerto Rico

| | |
|---|---|
| **ROSA BAEZ-VIERA AND ARNALDO ORTIZ-VAZQUEZ, and THE CONJUGAL PARTNERSHIP COMPOSED BY BOTH.**<br><br>Plaintiffs<br><br>v.<br><br>**COOPERATIVA ABRAHAM ROSA; LUIS LÓPEZ-ROMÁN and HIS WIFE JANE DOE, and THE CONJUGAL PARTNERSHIP COMPOSED BY BOTH; MARY DOE; and ABC INSURANCE CO.**<br><br>Defendants | **CIVIL NO.: 08-2045 (JAG-BJM)**<br><br>**RE: AGE & SEX DISCRIMINATION**<br><br>**TRIAL BY JURY DEMANDED** |

## RESPONSE IN OPPOSITION TO DEFENDANT'SMPLY TO DEFENDANT'S OBJECTION TO MAGISTRATE'S REPORTMANDNRECOMMENDATION

**TO THE HONORABLE COURT:**

**COMES NOW** Plaintiffs, ***Rosa Baez-Viera*** (hereinafter ***"Mrs. Baez"***) through the undersigned attorney, and in opposition to Defendant's objection to Magistrate's Report and Recommendation, respectfully states and prays, as follows:

### I.   INTRODUCTION

On April 2, 2013, Magistrate Judge Camille Velez-Rive issued a Report and Recommendation ("R&R") in which the Court recommended that Mrs. Baez' Motion for Attorney's Fees and Costs under Title VII be granted.  Specifically, the R&R recommended that Plaintiff be granted $91,505.75 in attorney's fees, which represented a 30% reduction in the fees requested, and $30,493.00 in total costs/litigation expenses

incurred during this litigation. (D.E. # 201). On April 19, 2013, defendant the Cooperativa de Ahorro y Credito Abraham Rosa ("Cooperativa") timely filed "Defendant's Objection to Report and Recommendation." (D.E. # 202). And, on April 22, 2013, the Court instructed Mrs. Baez to file her response to said objection by today, May 1, 2012. (D.E. # 203). Mrs. Baez very respectfully requests that the arguments contained in her "Petition for Attorney's Fees and Litigation Expenses" ("Motion for Fees")(D.E. # 182) and her "Reply to Defendant's Opposition to Plaintiff's Petition for Attorney's Fees and Litigation Expenses" ("Reply Motion")(D.E. # 194) be incorporated herein by reference.

The Cooperativa raises three (3) formal objections; two (2) regarding the fees and one (1) regarding costs. They are essentially the following: (1) That any judgment against the employer under local Laws 100, 80 and 69 provides reasonable attorney fee; (2) That the sum of costs awarded regarding depositions is excessive; and, (3) that Mrs. Baez's total expenses during the litigation were $22,770.00, instead of the base amount of $32,893.00 considered by the Court when rendering the R&R. (*See* D.E. # 202). Mrs. Baez proceeds to argue.

## II.  LEGAL STANDARD

A party that files a timely objection to a Report and Recommendation is entitled to a de novo determination of "those portions of the report or specified proposed findings or recommendations to which specific objection is made." *Sylva v. Culebra Dive Shop*, 389 F. Supp.2d 189, 191 (D.P.R. 2005). Failure to comply with this rule precludes further review. See *Davet v. Maccarone*, 973 F.2d 22, 30-31 (1st Cir. 1992). Further, in conducting it review, the Court is free to "accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b) (1) (C). Further, the Court may accept those parts of the Report and Recommendation to which the parties do not object. See *Hernadnez-Mejias v. Gen. Elec.*, 428 F. Supp.2d 4, 6 (D.P.R. 2005).

### III. ARGUMENTS

#### 1. Local Laws 100, 80 and 69 and Attorneys Fees

First and foremost, while in the past the Cooperativa had requested an 85% reduction in the attorney's fees sought by Mrs. Baez, it now states that it <u>agrees</u> with the R&R's recommended 30% reduction, which it describes as "reasonable." (D.E. # 202, pg. 1 at ¶ 1, and pg. 3 at ¶ 3).

#### (A) Mrs. Baez' Claims were all Intertwined and Based on the Same Facts

As what seems more complaint than an objection, the Cooperativa states that, "[t]he Report does not discuss when and how 'the factual theory' or common core of facts was presented to the Court, certainly such allegation does not appear in the Amended Pre-Trial Order (D.E. # 114)." (D.E. 202, pg. 2, ¶ 1). In any case, the Cooperativa does not formally object to that finding nor does it expand upon it. Thus, it should be deemed waived for failure to adequately argue the same. "In the absence of any developed argument on the point, the question is not before [the Court]." *Rosado-Quinones v. Toledo,* 528 F.3d 1, 6 (1st Cir. 2008) (citing *United States v. Zannino*, 895 F.2d 1, 17 (1st Cir. 1990) ("Issues adverted to in a perfunctory manner, unaccompanied by some developed argument, are deemed waived.").

And, even if the argument was not waived for failure to object and/or failure to argue adequately – and Mrs. Baez believes that it was – it would still fail on the merits. Mrs.

Baez very respectfully refers the Court to her arguments on the issue contained in her Motion for Fees and her Reply Motion. (D.E. # 182 and 194). Further, contrary to the what the Cooperativa asserts in its objection, the very first paragraph of her "[b]rief [s]tatement of [f]acts" contained in the Amended Pre-Trial Order states as follows: "On June 8, 2007, Rosa was fired from her employment because the Cooperativa disapproved of her pregnancies/miscarriages and the age at which she was attempting to become pregnant." (D.E. # 114, pg. 2, ¶ 2).

Obviously, the Cooperativa was well aware that Mrs. Baez' age and sex discrimination claims were closely intertwined. And, considering the lack of a law which addresses both types of claims simultaneously, Mrs. Baez had to stick to her "fact theory" and bring the applicable laws (ADEA, Law 100, Title VII and Law 69), which supported her case together. The Cooperativa may have believed that the legal theory was "defective," (D.E. 188, pg. 10, ¶ 1), but that is another matter altogether and it cannot now say that it was not on notice of Mrs. Baez' fact theory.

**(B) The Claims under Laws 100, 80 and 69**

The Cooperativa, **now and for the very first time**, argues that local Laws 100, 80 and 69 provide for attorneys fees. Since the Cooperativa never raised such arguments in its motions prior to the matter of attorney's fees and costs being referred to the Magistrate Judge, this Court need not entertain them. The Cooperativa is "entitled to a *de novo* review by the District Court of the magistrate judge's recommendations to which he objects, however [it] is not entitled to a de novo review of an argument never raised." *Maine Green Party v. Maine, Secretary of State*, 173 F.3d 1, 4 (1st Cir. 1999) (quoting Borden v.

4

Secretary of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987)).  These arguments are obviously just off the printer.

It is also noteworthy that the Cooperativa does not expand upon the arguments and does not even try to explain how such alleged percentages (15% and 25%) of proceeds would apply to this case.  Nor does the Cooperativa abound on whether parties would have the ability to enter into different contractual agreements with their counsel.  Thus, these arguments are unhelpful and may also be deemed waived as "adverted to in a perfunctory manner."  *Rosado-Quinones v. Toledo, Supra*.

Lastly, the Cooperativa supports those alleged argument by citing to the Puerto Rico Supreme Court cases of *Lopez-Vicil v. ITT Intermedia, Inc.*, 143 D.P.R. 574 (1997), and *S.L.G. Afanador v. Rosa Electric Co., Inc.*, 156 D.P.R.651 (2002).  Neither case suggests that the R&R's recommendation is erroneous.  Nor does the Cooperativa explain how or why those decisions would persuade this Court to amend the R&R on the matter of attorney's fees.  Further, it is also noteworthy that the Cooperativa does not provide official English translations of those cases.  Consequently, they may not be used to support the Cooperativa's argument regarding fees.  *Citibank Global Mkts., Inc. v. Santana*, 573 F.3d 17, 29 (1st Cir. 2009).

In sum, the Cooperativa's arguments on the matter of attorney's fees are baseless and appear to have been raised solely to continue delaying the proceedings in this case.

### 2. The Litigation Expenses Granted to Mrs. Baez

The R&R granted Mrs. Baez $30,493.00 in costs/litigation expenses incurred during this litigation.  That award was based on Mrs. Baez request for $32,893.00 in costs.  However, Mrs. Baez has just noted that the sum she initially requested was mistaken due

to a clerical error and it influenced the Magistrate Judge's decision.  Thus, at this time she would like to request that said amount be reduced to $22,770.  Mrs. Baez explains.

### (A) Clerical Mistake Regarding Costs Requested

In its objection, the Cooperativa **correctly points out** that Mrs. Baez mistakenly stated that her total costs of litigating this case was $32,893.00. (See D.E. ## 182 pg. 24 and 202, pg. 7).  As just stated, the inclusion of that sum was a clerical mistake since the documents supporting her request state that the total cost and expenses of litigation were $22,770.00.  (*See*, D.E. 182, Exh. 1, pg. 4, ¶ 13 (Mr. Suria's Declaration Under Penalty of Perjury), Exh. 4, pg. 2, ¶ 4 (Mrs. Joann Martinez' Statement Under Penalty of Perjury) and Exh. 5, pgs. 1-5 (Expense Statement)).  Thus, Mrs. Baez respectfully requests that the sum of costs and expenses allotted be reduced to $22,770.00.  The Cooperativa suggests that the amount should be $20,370.00.  (D.E. # 202, pg. 8, ¶ 1).

### (B) Depositions and the Costs Related to the Same

The Cooperativa assumes and argues that the R&R granted Mrs. Baez $16,751.17 for solely taking four (4) depositions, when it should have allowed only $3,341.75.  Further, it goes on to say that the Court should deduct any amount awarded regarding said depositions because "[i]n the present case none of the depositions were put into evidence or used at trial, contrary to the plaintiff's allegations."  (D.E. # 202, pg. 7, ¶ 1).  That statement is simply incorrect and misleading, since excerpts of all four (4) deposition were submitted into evidence at the Summary Judgment stage and used extensively in preparation for trial and during trial. (*See*, D.E. # 58, Exh. 2, Statement of Opposing Statement of Uncontested Material Facts.)  Further, Mrs. Baez only took the depositions

of key witnesses, such as Luis R. Lopez-Roman, Sol Matias, Lizette Colon and Sherley Pagan, without which she could not have litigated her case appropriately.

Further, the Cooperativa insinuates that the sum of $16,751.17 is applicable only to the taking of those four (4) depositions because the table contained in the R&R identifies the amount by "Depositions."  (See, D.E. # 201, R&R at pg. 11).  That is certainly not the case, and if the Cooperativa were more candid with the Court it would have admitted that the 23 pages of invoices attached as Exhibit 7 to Mrs. Baez Motion for Fees, and most of which are related to the taking of depositions and preparation of the same for use during this litigation, add up to over $16,000.00.  (See, D.E. # 182, Exh. 7, pgs. 1-23).  Besides the invoices, said expenses are also outlined in the Mrs. Baez' "Expense Statement," and entail a portion of the costs which ultimately add up to $22,770.00.  Thus, no more than $22,770 in costs and/or expense is requested.  (See, Id. at Exh. 5, pgs. 1-5).

**WHEREFORE**, plaintiff very respectfully requests that the Court adopt the R&R's award for attorneys' fees in tot, reduce the award of the costs and expenses incurred to $22,770.00, and grant any other remedy the Court deems just and fit.

**CERTIFICATION OF SERVICE,** I hereby certify that on this same date, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system with will send notification of such filing to all attorneys of record registered in the use of the CM/ECF system in this case.

**RESPECTFULLY SUBMITTED**

In San Juan, Puerto Rico, this 1st day of May, 2013.

**S/Kenneth C. Suria**
Kenneth C. Suria
D.P.R. Bar No. 213302
**ESTRELLA, LLC**
*Attorney for Plaintiffs*
P. O. Box 9023596
San Juan, Puerto Rico 00902–3596
Tel.: 787-977-5050
Fax: 787-977-5090
Email: kcsuria@welo.net
